**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────────

**No. 06-4409**

───────────────

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

CHARLES EDWARD PHILSON,

Defendant - Appellant.

───────────────

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington. James C. Fox, Senior District Judge. (4:05-cr-00067-F)

───────────────

Submitted: March 9, 2007          Decided: April 3, 2007

───────────────

Before WILKINSON and WILLIAMS, Circuit Judges, and HAMILTON, Senior Circuit Judge.

───────────────

Affirmed by unpublished per curiam opinion.

───────────────

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant. George E. B. Holding, United States Attorney, Anne M. Hayes, Christine Witcover Dean, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

───────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury convicted Charles Edward Philson of possessing a Lorcin .380 caliber firearm and ammunition after previously being convicted of a felony, in violation of 18 U.S.C. § 922(g)(1) (2000). The district court sentenced him to the statutory maximum term of 120 months of imprisonment. See 18 U.S.C.A. § 924(a)(2) (West 2000 & Supp. 2006). Philson appeals his conviction and sentence, contending that the evidence was insufficient and that the district court violated his Sixth Amendment rights at sentencing.* Finding no reversible error, we affirm.

Philson asserts that the evidence was insufficient to convict him because the Government failed to prove he knowingly possessed the firearm officers found between the mattress and box spring in his bedroom. We review de novo the district court's decision to deny a motion filed under Fed. R. Crim. P. 29. United States v. Smith, 451 F.3d 209, 216 (4th Cir.), cert. denied, 127 S. Ct. 197 (2006).

Where, as here, the motion was based on a claim of insufficient evidence, "[t]he verdict of a jury must be sustained if there is substantial evidence, taking the view most favorable to

_____

*Philson also has filed pro se supplemental briefs raising several issues. We have carefully considered the arguments raised in the pro se briefs and find them to be without merit. To the extent Philson claims that counsel provided ineffective assistance, we decline to review that claim on direct appeal. See United States v. Baldovinos, 434 F.3d 233, 239 (4th Cir.) (providing standard), cert. denied, 126 S. Ct. 1407 (2006).

the Government, to support it." Glasser v. United States, 315 U.S. 60, 80 (1942); Smith, 451 F.3d at 216. This court "must consider circumstantial as well as direct evidence, and allow the government the benefit of all reasonable inferences from the facts proven to those sought to be established." United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir. 1982). We "can reverse a conviction on insufficiency grounds only when the prosecution's failure is clear." United States v. Moye, 454 F.3d 390, 394 (4th Cir.) (internal quotation marks and citation omitted), cert. denied, 127 S. Ct. 452 (2006). Applying these principles, our careful review of the trial testimony convinces us that Philson has not met the heavy burden he faces in seeking to overturn his conviction. Thus, we conclude that the evidence was sufficient for the jury to find that Philson knowingly possessed the firearm found between the mattress and box spring of his bed. See id. at 395 (setting forth elements of § 922(g)(1) offense); United States v. Scott, 424 F.3d 431, 435-36 (4th Cir.) (discussing constructive possession), cert. denied, 126 S. Ct. 779 (2005).

Philson also contends on appeal that, in sentencing him, the district court violated his Sixth Amendment rights by enhancing his base offense level based on a type of weapon about which there was no evidence presented at trial and by sentencing him under de facto mandatory guidelines. Because Philson did not challenge in the district court his sentence on Sixth Amendment grounds, this

court's review is for plain error. United States v. Hughes, 401 F.3d 540, 547-48, 555 (4th Cir. 2005) (discussing standard).

After United States v. Booker, 543 U.S. 220 (2005), a district court is no longer bound by the range prescribed by the sentencing guidelines. However, in imposing a sentence post-Booker, courts still must calculate the applicable guideline range after making the appropriate findings of fact and consider the range in conjunction with other relevant factors under the guidelines and 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2006). United States v. Moreland, 437 F.3d 424, 432 (4th Cir.), cert. denied, 126 S. Ct. 2054 (2006). We will affirm a post-Booker sentence if it "is within the statutorily prescribed range and is reasonable." Id. at 433 (internal quotation marks and citation omitted). "[A] sentence within the proper advisory Guidelines range is presumptively reasonable." United States v. Johnson, 445 F.3d 339, 341 (4th Cir. 2006).

Here, the district court sentenced Philson post-Booker and appropriately treated the properly calculated guidelines range as advisory. The district court then considered that range along with the factors in § 3553(a), taking into account the arguments from Philson and his counsel about Philson's employment history before his arrest, family circumstances, the effect his arrest had on his children, and that he was a "victim of circumstance." The court ultimately imposed the statutory maximum sentence. Nothing

- 4 -

in the record demonstrates that Philson has rebutted the presumption of reasonableness. We therefore find that the sentence imposed by the district court is reasonable.

Accordingly, we affirm Philson's conviction and sentence. We deny Philson's motion to relieve his attorney and dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>